IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

CLIFTON PHAIR,                          *

       Plaintiff,                       *

       v.                                *   CIVIL NO.: WDQ-14-2618

OFFICER DARWIN ZAMBRANA, et al.,        *

       Defendants.                      *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Clifton Phair, *pro se*, sued Baltimore City Police Officers Darwin Zambrana and Tavon More (collectively, "the Defendants")[1] alleging numerous civil and criminal violations. Pending are the Defendants' motion to dismiss; a motion by the Plaintiff which is captioned as an opposition, motion for default judgment, motion to strike, motion to dismiss, and motion for summary judgment; and the Plaintiff's motions for a hearing and to introduce evidence. No hearing is necessary.[2] *See* Local Rule 105.6 (D. Md. 2011). For the following reasons, the Defendants' motion to dismiss, which the Court will construe as a motion for

---

[1] Phair also sued Baltimore City Police Department and Baltimore City, but the claims against those defendants were dismissed by court order on September 2, 2014. ECF No. 3.

[2] Because no hearing is necessary under the Local Rules, the Court will deny the Plaintiff's motion for a pretrial hearing.

more definite statement under Rule 12(e), will be granted; all other motions will be denied.

I.   Background[3]

On August 15, 2011, the Plaintiff was at the home of Latarcha Hazelton in Northeast Baltimore, Maryland. ECF No. 5 (hereinafter, "Am. Compl.") at 6. Hazelton started a physical altercation with the Plaintiff, during which, Hazelton repeatedly hit the Plaintiff and stabbed him in the hand with scissors, and the Plaintiff struck Hazelton's 24-year-old daughter. *Id.* The Plaintiff immediately left Hazelton's residence. *Id.*

While driving away, the Plaintiff saw Officer Zambrana's patrol car parked at a gas station. Am. Compl. at 6. The Plaintiff pulled into the gas station and informed Officer Zambrana that he "had been busted in the head and stabbed in the hand." *Id.* When Officer Zambrana called in the address for the altercation, he learned that there were already officers at Hazelton's residence. *Id.* at 6-7. The officers at Hazelton's

---

[3] On a motion to dismiss, the well-pled allegations in the complaint are accepted as true. *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011). The Court will consider the pleadings, matters of public record, and documents attached to the motions that are integral to the complaint and whose authenticity is not disputed. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

home instructed Officer Zambrana to detain the Plaintiff. *Id.* at 7.

Officer Zambrana placed the Plaintiff in handcuffs and sat him on the curb. *Id.* After approximately 20 minutes, Officer More arrived at the gas station and accused the Plaintiff of being a "woman beater." Am. Compl. at 7. After an argument, Officer More ran over to where the Plaintiff was sitting and began kicking the Plaintiff in the side. *Id.* "Officer More kicked and stomped on [the Plaintiff] about sixteen (16) to twenty (20) times."[4] *Id.*

After the incident, the Defendants transported the Plaintiff to Johns Hopkins Hospital for treatment. Am. Compl. at 8. The Plaintiff alleges that while he and the Defendants were at the hospital, the Defendants lied about the cause of the Plaintiff's injuries, and Officer More repeatedly threatened the Plaintiff. *Id.* at 8-9. The Plaintiff was transported to Central Booking and charged with first degree assault, three counts of second degree assault, possession of a dangerous weapon with intent to injure, reckless endangerment, indecent exposure, and disorderly conduct. *Id.* at 9-10. During the bail

---

[4] The Plaintiff attached Officer More's probable cause statement to the complaint which alleges a differing series of events. *See* Am. Compl. at 13-16. According to Officer More, when he arrived at the gas station, the Plaintiff was visibly intoxicated. *Id.* at 15. The Plaintiff "pulled out his penis and advised [the Defendants] to suck his penis." *Id.* The Plaintiff also spit on and kicked Officer Zambrana. *Id.*

3

review hearing, "the prosecutors used the false statement made by [O]fficer More that [the Plaintiff] threaten[ed] to harm [] Hazelton, Officer More and his family to have [the Plaintiff's] bail revoked." *Id.* at 10. The Plaintiff was eventually convicted of second degree assault.

On August 15, 2014, the Plaintiff sued the Defendants, alleging "police brutality, police corruption, police misconduct and perjury." ECF No. 1. The Plaintiff seeks $9,000,000 in damages and the incarceration of the Defendants. *See* Am. Compl. at 4.

On September 2, 2014, the Court consolidated the Plaintiff's many suits and dismissed the claims against Baltimore City and the Baltimore City Police Department. ECF No. 3. On September 26, 2014, the Plaintiff moved for reconsideration and filed an amended complaint. ECF Nos. 5-6. On March 19, 2015, the Court granted the Plaintiff leave to proceed in forma pauperis, but denied the motion for reconsideration. ECF No. 7.

On July 17, 2015, the Defendants moved to dismiss for failure to state a claim. ECF No. 11. On August 6, 2015, the Plaintiff filed his opposition, which was also captioned as a motion for default judgment, motion to strike, or in the alternative for summary judgment. ECF No. 13. On August 19, 2015, the Defendants replied. ECF No. 14. On September 10,

4

2015, the Plaintiff moved for a pretrial hearing. ECF No. 15. On November 10, 2015, the Plaintiff moved to include evidence in the form of three CD-ROMs. ECF No. 16.

II. Analysis

    A.   The Plaintiff's Motion for Default

The Plaintiff has also moved for entry of a default judgment. ECF No. 35. Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. In reviewing a motion for default judgment, the plaintiff's well-pled factual allegations about liability are accepted as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001).

Entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (D. Md. 2002) (*citing United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)). However, "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.'" *Disney Enters., Inc. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (internal quotations omitted)).

In this case, all the Defendants have appeared and filed a timely motion to dismiss. Accordingly, the Court will deny the motion for default judgment.

B.   Motion to Dismiss for Failure to State a Claim

1. Legal Standard for a Motion to Dismiss

Under Fed. R. Civ. P. 12(b)(6), an action may be dismissed for failure to state a claim upon which relief may be granted. Rule 12(b)(6) tests the legal sufficiency of a complaint, but does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Court bears in mind that Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.*, 248 F.3d 321, 325-26 (4th Cir. 2001). Although Rule 8's notice-pleading requirements are "not onerous," the plaintiff must allege facts that support each element of the claim advanced. *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003). These facts must be sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

This requires that the plaintiff do more than "plead[] facts that are 'merely consistent with a defendant's liability'"; the facts pled must "allow[] the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 557). The complaint must not only allege but also "show" that the plaintiff is entitled to relief. *Id.* at 679 (internal quotation marks omitted). "Whe[n] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks and alteration omitted).

2. The Defendants' Motion

The Defendants assert that the complaint must be dismissed because the Plaintiff "does not specifically allege any constitutional violations, civil claims, or legal basis for the injunctive relief Plaintiff seems to request." ECF No. 11-1 at 5. Subsequently, the Defendants attempt to analyze every possible claim the Plaintiff could allege under federal and state law to show that the complaint fails to state a claim. ECF No. 11-1 at 5.

Although the Court construes *pro se* complaints liberally,[5] it "is not obliged to ferret through a complaint, searching for

---

[5] *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978).

viable claims."[6]  *Lemon v. O'Malley*, No. ELH-14-2052, Dkt. 6 at 2.  Judges in this District have routinely dismissed *pro se* complaints for failure to identify the constitutional, federal, or state provisions upon which the plaintiff's claims are based.  *See, e.g.*, *Lee v. Dep't of Pub. Safty & Corr. Servs.*, No. RWT-13-1341, 2014 WL 1120238, at *4 (D. Md. Mar. 19, 2014)(dismissing the complaint when the plaintiff failed to cite a federal cause of action and asserted "Excessive Punishment, Excessive Restriction of Liberty etc." on the civil cover sheet); *Zeno v. Chevy Chase Bank*, No. PJM 08-2236, 2009 WL 4738077, at *2 (D. Md. Dec. 4, 2009)(dismissing complaint when the plaintiffs failed to identify the basis for their claim and merely alleged that the defendants "used [their] place of origin, namely Puerto Rico, and/or race, as a basis of discrimination in denying them the same treatment mandated them under the law").  In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014), however, the Supreme Court cautioned against requiring a plaintiff to explicitly cite a statute in order to survive a motion to dismiss.  The Court explained that *Twombly* and *Iqbal* only addressed *factual* sufficientcy of a complaint.  *Id.*

---

[6] *See also DeFina v. Latimer*, 79 F.R.D. 5, 7 (E.D.N.Y. 1977) ("The instant complaint . . . places an unjustifiable burden . . . on the court to sort out the facts now hidden in a mass of charges, arguments, generalizations and rumors . . . .").

Considering the Supreme Court's decision in *Johnson* and the liberal *pro se* pleading standard, dismissal at this stage would be premature.[7] "[W]hen a defendant is unclear about the meaning of a particular allegation in the complaint, the proper course is not to move to dismiss but to move for a more definite statement." *Am. Nurses' Ass'n v. Illinois*, 783 F.2d 716, 725 (7th Cir. 1986). Accordingly, the Court will exercise its "inherent authority" to convert the Defendants' motion to dismiss to a motion for a more definite statement under Federal Rule of Civil Procedure 12(e). *Hall v. Tyco Int'l Ltd.*, 223 F.R.D. 219, 257 (M.D.N.C. 2004) (court has the power to *sua sponte* order a more definite statement); *see also Lundy v. Catholic Health Sys.*, 711 F.3d 106, 111 (2d Cir. 2013); *Fikes v. City of Daphne*, 79 F.3d 1079, 1083 n. 6 (11th Cir. 1996); *Luna-Reyes v. RFI Const., LLC*, 57 F. Supp. 3d 495, 504 (M.D.N.C. 2014) ("Dismissal is a drastic step, however. Pursuant to Federal Rule of Civil Procedure 12(e), the court is authorized to convert a Rule 12(b)(6) motion to dismiss into a motion for a

---

[7] Unlike *Johnson*, where the plaintiffs identified the constitutional basis for their claims (the Fourteenth Amendment), the statutory basis of the plaintiffs' claim was clear, and the judgment turned on a mere formality, 135 S. Ct. at 347, here, the bases for the Plaintiff's claims are unclear. Further, consistently with *Johnson*, the Plaintiff will be afforded the opportunity to provide a more definite statement. *See Johnson*, 135 S. Ct. at 347 (remanding the suit with instructions to afford plaintiffs the opportunity to amend the complaint to cite § 1983).

9

more definite statement under Rule 12(e)."); *Adiscov, LLC v. Autonomy Corp.*, 762 F.Supp.2d 826, 832 n. 5 (E.D. Va. 2011).

Under Federal Rule of Civil Procedure 12(e):

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.... If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

A motion for a more definite statement focuses on whether a party has "enough information to frame an adequate answer." *Streeter v. SSOE Sys.*, No. WMN-09-CV-1022, 2009 WL 3211019, at *10 (D. Md. Sept.29, 2009) (citation and internal quotation marks omitted). A motion for a more definite statement challenges the intelligibility or ambiguity of the complaint, not whether the allegations state a claim. *Smith v. McGraw*, No. 10-cv-02310-AW, 2011 WL 1599579, at *5 (D. Md. Apr. 27, 2011); *Frederick v. Koziol*, 727 F. Supp. 1019, 1020-21 (E.D. Va. 1990). Whether to grant a motion for a more definite statement is "generally left to the district court's discretion." *Hodgson v. Va. Baptist Hosp., Inc.*, 482 F.2d 821, 824 (4th Cir. 1973).

In this case, the Plaintiff could be attempting to allege numerous claims under state a federal law. The Defendants attempted to identify and negate to every *possible* claim in their motion to dismiss, but in doing so they confused state and

federal standards, made procedural arguments that may be inapplicable if state claims are not being alleged, and missed other issues. The Court refuses to engage in a similarly convoluted and theoretical analysis of the complaint. Because it is impossible for the Defendants to adequately respond to the Plaintiff's allegations without some clarification about the legal basis for the Plaintiff's claims, the Court will order the Plaintiff to provide a more definite statement. Accordingly, within 14 days of the date of the accompanying Order, the Plaintiff must identify the constitutional, federal, or state provisions or common law causes of action implicated in his case. McCrea may also include documents that he considers "integral" to his complaint.[8]

C.  The Plaintiff's Remaining Motions

The Plaintiff's opposition to the Defendants' motion to dismiss was also captioned as a motion to strike and motion for summary judgment. The filing contains no information or argument about why the Plaintiff is entitled to summary judgment now, and even fails to identify the legal basis for his

---

[8] A document is "integral" to the complaint when, "by its very existence, and not the mere information it contains, [it] gives rise to the legal rights asserted." *Franklin v. Tri-Cty. Council for Lower E. Shore of Maryland*, No. CIV.A. ELH-15-00786, 2015 WL 3610307, at *2 (D. Md. June 5, 2015) (*quoting Chesapeake Bay Found., Inc. v. Severstal Sparrows Point, LLC*, 794 F.Supp.2d 602, 611 (D. Md. 2011) (internal quotation marks and emphasis omitted).

allegations. Accordingly, the Court will deny the motion for summary judgment.

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The Fourth Circuit "generally view[s] [motions to strike] with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 1380 (2d ed.1990)).

Here, however, the Plaintiff has made no showing that the motions to dismiss were "redundant, immaterial, impertinent, or scandalous." *See, e.g.*, ECF No. 15. Further, the Court has determined that the motions to dismiss maybe meritorious. The Plaintiff argues that the Court should strike the Defendants' motion to dismiss because it was not properly served on the Plaintiff. *See* ECF No. 13 at 5-6. Even if the Defendants failed to properly serve the motion, the Plaintiff's argument is moot because the Court is not granting the motion to dismiss. Instead the Court is exercising its power to *sua sponte* order a more definite statement. Accordingly, the Court will deny the motions to strike.

Finally, the Plaintiff moved "for leave to include three CD-ROM in [the] case complaint and bring electronic equipment to hearings." ECF No. 16 at 1. The Plaintiff also requests "to include the three CD-ROM in all possible court hearings, trials and or procedures." *Id.* The Plaintiff provides no information about the information on the discs. *See id.* To the extent the discs contain information integral to the complaint, the Court has already granted the Plaintiff leave to include this information with his more definite statement. The Plaintiff's other requests are premature. It is impossible at this time to determine what evidence and equipment will be necessary at future hearings--if held-- and during trial. Accordingly, the Court will deny these requests without prejudice.

III. Conclusion

For the reasons stated above, the Defendants' motion, converted to a motion for a more definite statement, will be granted; all other motions will be denied.

1/19/16
Date

William D. Quarles, Jr.
United States District Judge