IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Clifton Phair | : | |
| | : | |
| | : | |
| v. | : | Civil No. CCB-14-2618, consolidated with |
| | : | CCB-14-2619, CCB-14-2620, |
| | : | CCB-14-2621, CCB-14-2622, |
| Officer Darwin Zambrana, *et al*. | : | CCB-14-2623, CCB-14-2624, |
| | : | CCB-14-2625 |

## **MEMORANDUM**

Clifton Phair sues Baltimore City Police officers Darwin Zambrana and Tavon More ("the defendants") for using excessive force, falsely arresting him, creating false charges, using his cell phone, and perjuring themselves. Phair filed his initial complaint against the defendants on August 15, 2014, three years after his arrest. (Compl., ECF No. 1).[1] Judge Quarles ordered Phair to amend his complaint to inform the court of the criminal charges filed against him as a result of his arrest and the outcome of those proceedings. (September 2, 2014 Order 3, ECF No. 3.) Phair filed an amended complaint, which included the crimes he was charged with after his arrest but not the disposition of those charges. (Am. Compl. 11-16, ECF No. 5.) The defendants filed a motion to dismiss, which Judge Quarles converted to a motion for a more definite statement. (January 19, 2016 Memorandum 9, ECF No. 19.)  Judge Quarles ordered the plaintiff to "identify the constitutional, federal, or state provisions or common law causes of action implicated in his case." (*Id*. at 11.) Phair responded by filing the second amended complaint.

---

[1] The plaintiff also filed lawsuits against the Baltimore City Police Department, Baltimore City Mayor Stephanie Rawlings-Blake, Baltimore City Police Commissioner Anthony Batts, and Baltimore City Police officers William Davis and Stanley Branford. (September 2, 2014 Order 3, ECF No. 3.)Those cases were consolidated with this one. (*Id*.) Because the complaint provided no information regarding any wrongful conduct on the part of these individuals and entities, Judge Quarles dismissed Phair's claims against them. (*Id*.) Only the claims against Zambrana and More remain.

(Cause of Action/Cause for Relief, ECF No. 21; Second Am. Compl., ECF No. 23.) Now pending is the defendants' motion to dismiss the plaintiff's second amended complaint. For the reasons stated below, the defendants' motion will be granted in part and denied in part.

## BACKGROUND

Phair's claims arise from his arrest on August 15, 2011. He alleges that Officer Tavon More "kicked and stomped on [him] sixteen to twenty times while he . . . was handcuffed and defenseless." (Second Am. Compl. ¶ 1.) Phair suffered several injuries, including a chest contusion, a rib contusion, paronychia of the finger, cuts, and scars. (*Id*.) Phair alleges that Officer Zambrana committed an act of police brutality by allowing More to kick and stomp on the plaintiff. (*Id*. ¶ 22.)

More and another officer, whose identity Phair does not know, threw Phair face first onto the steel floor of the back of a police van. (*Id*. ¶ 2.) More and the other officer, who drove the vehicle, transported Phair unsecured to the hospital. (*Id*. ¶ 3.) During the ride to the hospital, Phair was "tossed and banged around violently," and his "face, head and body [were] constantly battered into the floor and walls of the police wagon." (*Id*.)

Later, More took Phair's cell phone and called Phair's wife. (*Id*. ¶ 5.) Phair claims this action violated his Fourth Amendment rights. (*Id*.) Phair says that More threatened to call Phair's wife and tell her that Phair was with another woman if Phair did not give him a statement. (*Id*. ¶ 6.) More also threatened to file false charges against Phair if he failed to give him a statement. (*Id*. ¶ 7.)

Phair alleges that More created false charges and that Zambrana conspired with More to create those charges. (*Id*. ¶¶ 8-11, 20, 23-26.) More charged Phair with second degree assault for

spitting on and kicking Office Zambrana, indecent exposure, and disorderly conduct. (*Id*.) Phair denies taking actions that would support these charges. (*Id*.) Phair also claims that More created a false statement in the charging documents by writing that Phair threatened to kill More, More's family, and others. (*Id*. ¶ 19.)

Phair claims that More and Zambrana perjured themselves in court when they testified during Phair's prosecution. (*Id.* ¶¶ 13-18, 21, 27-33.) Additionally, Phair asserts that More and Zambrana violated his constitutional rights, 18 U.S.C. § 241, and 18 U.S.C. § 242 by acting under color of state law to deprive him of rights, privileges, or immunities guaranteed under federal law or the United States Constitution. (*Id*. ¶¶ 34-35.)

## ANALYSIS

When ruling on a motion under Rule 12(b)(6), the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "Even though the requirements for pleading a proper complaint are substantially aimed at assuring that the defendant be given adequate notice of the nature of a claim being made against him, they also provide criteria for defining issues for trial and for early disposition of inappropriate complaints." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true

(even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters*, 684 F.3d at 439 (citation omitted). "Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is 'probable,' the complaint must advance the plaintiff's claim 'across the line from conceivable to plausible.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Liberally construing the plaintiff's pro se complaint, it appears that Phair has brought a lawsuit under 42 U.S.C. § 1983, alleging that the officers used excessive force in violation of the Fourteenth Amendment; falsely arrested him, maliciously prosecuted him, and used his phone in violation of the Fourth Amendment; presented perjured testimony at his trial; and violated criminal statutes. Although Phair did not set out a precise legal theory for his claim for relief, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 135 S.Ct. 346 (2014). Phair's complaint cites to the United States Constitution and states the events that, he alleges, entitle him to damages from the defendants. Informing the defendants of the factual basis for his complaint, as he has done, is all that is required to "stave off threshold dismissal for want of an adequate statement of [his] claim." *Id*. at 347.

The Due Process Clause of the Fourteenth Amendment governs excessive force claims of an arrestee. *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008). To prevail on an excessive force claim under the Fourteenth Amendment, a plaintiff must show that the officer "inflicted unnecessary and wanton pain and suffering." *Id*. (internal quotation marks and citations omitted).

Phair's allegations that More kicked and stomped on him when he was handcuffed and defenseless, threw him face first on the steel floor of the police van, and transported him unsecured to the hospital support his claim that More violated his Fourteenth Amendment right not to be subjected to excessive force. Phair has not claimed that Zambrana used any force against him. Therefore, the court will deny More's motion to dismiss the excessive force claim and will grant Zambrana's motion to dismiss that claim.

Phair also alleges that More and Zambrana violated the Fourth Amendment by falsely arresting him; falsely charging him with second degree assault, indecent exposure, and disorderly conduct; and using his cell phone. Phair's claims that the defendants arrested him even though he did not spit on or kick Zambrana, did not expose himself to the officers, and did not act in a disorderly manner are sufficient to state a claim for false arrest in violation of the Fourth Amendment. To the extent that Phair's complaint alleges malicious prosecution stemming from his illegal arrest, that claim fails because Phair has not alleged that the underlying criminal proceedings were terminated in his favor. *See Massey v. Ojaniit*, 759 F.3d 343, 356 (4th Cir. 2014) (determining that to state a Fourth Amendment malicious prosecution and unreasonable seizure claim, a plaintiff must demonstrate (1) that the defendant seized him pursuant to legal process that was not supported by probable cause and (2) that the criminal proceedings have terminated in the plaintiff's favor). Phair's claim that More violated his Fourth Amendment rights by taking his cell phone and calling Phair's wife will be dismissed because those actions do not amount to an unlawful search or seizure.

The plaintiff's claims pursuant to 18 U.S.C. ¶¶ 241 and 242 will be dismissed because these criminal statutes do not give rise to civil liability. *See Allen v. Gold Country Casino,* 464

F.3d 1044, 1048 (9th Cir. 2006); *see also Tribble v. Reedy*, 888 F.2d 1387 (4th Cir. 1989).[2] The court will dismiss the perjury claims because the Supreme Court has specifically held that police officers are immune from an action arising under § 1983 for alleged perjury while testifying as a witness at a criminal trial. *See Briscoe v. LaHue*, 460 U.S. 326 (1983).

## CONCLUSION

For the reasons stated above, the defendants' motion to dismiss will be granted in part and denied in part.

A separate order follows.

June 3, 2016  
Date

/S/  
Catherine C. Blake  
United States District Judge

---

[2] Unpublished cases are cited not as precedent but for the relevance and persuasiveness of their reasoning.